FILED

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

2017 MAY 31  PM 3: 26

BANKRUPTCY COURT
RICHMOND DIVISION

In re:  JILES R. SMITH, Jr.                                     Case No. 17-30804-KRH
       13524 Ridgemoor Drive                                     Chapter 13
       Midlothian, VA 23114
       xxx-xx-5164
       Debtor

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

I, Ms. Cheryl R. Smith, (the "Creditor") hereby objects to the confirmation of the Chapter 13 plan filed on February 21, 2017 by the Debtor in the above-captioned case (the "Debtor") and in support thereof respectfully states as follows:

*A. Background*

1. On February 21, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. On February 21, 2017, the Debtor filed his proposed Chapter 13 plan (the "Plan")

3. On May 31, 2017, the Creditor timely filed proof of claim in this case for priority domestic support obligation arrearages in the amount of $4966.35 (Child Support Arrears)

*B. The Debtor's Plan Fails to Provide Payment for Priority Obligations*

4. Section 2.B. of the Debtor's Plan list Creditor with an estimated claim of $5000 for domestic support arrears. As set forth in the Creditor's claim, the Debtor has pre-petition arrears in the amount of $4966.35, which must be included in the Plan

5. The following below is a list of false claims by the Debtor, with supporting documentation and his relief for bankruptcy should be denied based on not being truthful to the Court:

(a) In the Schedule J: Your Expenses (Part 1) section of Official Form 1061, the Debtor falsely claimed to the United States Bankruptcy Court that he has custody of our oldest son, Dejour Smith. Proof of Debtors false claim of

custody is attachment 5a, 1 to 4 pages, which is the Consent Order from Juvenile and Domestic Relations District Court for the County of Chesterfield.

(b) Debtor is and has not been truthful about his income. While going through custody hearings, the Debtor provided two different proofs of income, from two different employers, for two different custody cases. The first employer the Debtor listed is Quest Transportation, with a monthly income of *$5618*. For the second child support order, the Debtor provided a document from James River Transportation, with a monthly income of *$4637*. These documents are labeled 5b, pages 1 to 8.

(c) In the Schedule J: Your Expenses (Part 2, #11) section of Official Form 1061, the Debtor falsely claimed to the United States Bankruptcy Court that he carries and pays his own Medical and Dental insurance, *$100* monthly. This is incorrect, as *$116.14* is deducted from my pay every two weeks in the amount of *$232.27* monthly, which covers the Debtor, our two sons and myself. This document is labeled 5c, pages 1 to 4.

(d) In the Schedule I: Your Income (Part 2 # 5F) of Official Form 1061, the Debtor listed his child support obligations as *$689*. The Debtor was ordered to pay *$806.34* to Ms. Onyshia Harris and *$583* to myself (the Creditor), a month in child support obligations. This total sum is: *$1389.34*. Supporting documentation is attachment 5b pages 1 to 8.

6. In order to have a Chapter 13 plan confirmed, it must provide for the full payment of all claims entitled to priority under 11 U.S.C. § 507, including domestic support obligations, unless the holder of the claim agrees otherwise. The Creditor does not consent to a different treatment as to the DSO claim.

WHEREFORE, for the reasons stated herein, the Creditor respectfully request the Court enter an order denying confirmation of the Debtor's Plan; and granting the Creditor such other and further relief as is just and proper.

Dated: 31-May-2017

Ms. Cheryl R. Smith
6637 Southshore Drive
Midlothian, Virginia 23112
804-712-5073
cherylrsmith75@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 31st day of May 2017, I hand-delivered and filed the foregoing Objection to Confirmation of Chapter 13 Plan with the Clerk of Court. I also forwarded, electronically, a copy of the foregoing to the following: Mr. Jiles R. Smith, Jr., of 13524 Ridgemoor Drive, Midlothian, VA 23114 to his email address, which is:

*jilessmith11083@gmail.com*

Cheryl Smith  5/31/17

**VIRGINIA:**

**IN THE JUVENILE AND DOMESTIC RELATIONS DISTRICT COURT FOR THE COUNTY OF CHESTERFIELD**

JILES RAY SMITH, JR.
    Petitioner,

v.                                    Case Nos. JJ088230-01, 02, 03
                                           JJ088231-01, 02, 03

CHERYL R. SMITH
    Respondent.

In Re: De'Jour Morray Smith (DOB 12/13/2000) and Jordan Ray Smith (DOB 4/10/2004)

**CONSENT ORDER**

On the 29th day of March, 2017 came the parties, Jiles Ray Smith, Jr. ("father"), in person and represented by William T. Fitzhugh, Esq. and Cheryl R. Smith ("mother"), in person and represented by Mary Napier, Esq. and Stephen A. Mutnick, Guardian *ad Litem,* to be heard on the mother and father's petitions, in reference to custody and visitation of De'Jour Smith and Jordan Smith ("children").

Upon the agreement of the parties and upon consideration of the factors listed in § 20-124.3 of the Code of Virginia, it is hereby

ORDERED, ADJUDGED AND DECREED, in accordance with the best interests of the minor children, De'Jour and Jordan Smith.

1. The parties shall have joint legal custody of the children.

2. Mother shall have primary physical custody of the children.

3. Father shall enjoy visitation three weekends a month, with dates to be agreed upon by the parties. Weekend visitation shall be from Friday after school until Monday

5a (1)

morning. Father shall drop the children off at school Monday mornings following weekend visitation.

4. Father shall enjoy overnight visitation on Wednesday night from after school until he drops the children off at school on Thursday morning.

5. Additional visitation as agreed upon by the parties.

6. Major Holidays shall be split as follows:

    a. Spring Break: During the Monday through Friday break, the days shall be split evenly; with each parent have two and one half consecutive days.

    b. Thanksgiving: Father shall have visitation from the end of school on Wednesday to 1:30 pm on Thanksgiving Day.

    c. Christmas Break: The parties shall split the break evenly; with the exchange occurring on Christmas Day at 2:00 pm. In odd years, father shall have the first half of the break, and in even years mother shall have the first half of the break.

    d. Mother shall have the children on Mother's Day. Father shall have the children on Father's Day.

7. Summer Vacation: Each parent shall have 2 non-consecutive weeks (7 day period, Monday to Monday) for vacation. The parents shall notify the other parent of the desired weeks by May 1 of each year.

8. Pursuant to Virginia Code § 20-124.5, each party shall be required to provide thirty (30) days' advance written notice to this Court and to the last known address of the other party of any intended change of address. Such notice shall provide the Court and the other party of the intended date of change of address, the specific street, route

5a (2)

address, city or county, state and zip code of the intended new address. Such written notice shall be mailed to the Juvenile and Domestic Relations Court having jurisdiction over the child and shall certify the date that such information was mailed or otherwise delivered to the other party.

9. Pursuant to Virginia Code § 20-124.6 notwithstanding any other provision of law, neither parent, regardless of whether such parent has custody, shall be denied access to the academic or health records of that parent's minor child unless otherwise ordered by the Court for good cause shown.

**THIS IS A FINAL ORDER**

ENTER: 4/26/17

Judge Jayne A. Pemberton
Chesterfield County
Juvenile and Domestic Relations Court

I ASK FOR THIS:

Stephen A. Mutnick, Esq.
Guardian *ad Litem*
VSB # 75233
Winslow & McCurry, PLLC
1324 Sycamore Sq., Suite 202C
Midlothian, VA 23113
(P) (804)-423-1382
(F) 804-423-1383

*Counsel's Endorsement on the following page.*

Page 3 of 4

5a (3)

Seen and /s/ *[signature]* :

*[signature: William T. Fitzhugh]*

William T. Fitzhugh, Esq.
Rowe, Rosen & Fitzhugh, PLC
1001 Boulders Parkway, Suite 519
Richmond, VA 23235
(P) 804-327-5762
(F) 804-327-5795
*Counsel for Jiles R. Smith, Jr.*

Seen and agreed :

*[signature: Mary Napier]*

Mary Napier, Esq.
Boyko Napier, PLLC
5807 Staples Mill Rd.
Richmond, VA 23228
(P) 804-658-3418
(F) 804-658-3441
*Counsel for Cheryl R. Smith*

Page 4 of 4

5a (4)

**ORDER OF SUPPORT (CIVIL)**  
Commonwealth of Virginia  
[ ] TEMPORARY ORDER    [X] FINAL ORDER

This Court's Case No. ..........JA047356-08-00..........  
DCSE ID No. ...........................................

CHESTERFIELD J & DR - ADULT .................... [X] Juvenile and Domestic Relations District Court [ ] Circuit Court  
7000 LUCY CORR BLVD., CHESTERFIELD, VA 23832  
STREET ADDRESS OF COURT

Petitioner: SMITH, CHERYL RUSSELL    v.    Respondent: SMITH, JILES RAY; JR

[X] Identifying information not provided for good cause shown  
Residential Address:

[ ] Identifying information not provided for good cause shown  
Residential Address:  
2420 OLD BRICK ROAD, #1225, GLEN ALLEN, VA, 23060

Residential Telephone No.:    Residential Telephone No.: (804) 243-0843

Mailing Address if Different:    Mailing Address if Different:

Social Security No. (last 4 digits only):    Social Security No. (last 4 digits only): XXX-XX-5164  
Driver's Lic. No. & State:    Driver's Lic. No. & State:  
Date of Birth:    Date of Birth: 12/03/1976

Employer:    Employer: QUEST TRANSPORTING  
                8551 BACKLICK ROAD, LORTON, VA  
Address:    Address:

Telephone No.:    Telephone No.:

[ ] This case is DISMISSED without prejudice because the Respondent could not be located for service of process.  
[ ] Upon hearing the evidence, the Court finds for the Respondent and ORDERS that the case be DISMISSED.  
**PRESENT:** [X] Petitioner    [X] Attorney/ Guardian Ad Litem for Petitioner    [ ] DCSE Representative    [ ] Attorney for DCSE  
[X] Respondent    [X] Attorney/ Guardian Ad Litem for Respondent    [ ] Guardian Ad Litem for child(ren)    [ ] Other  
[ ] Upon hearing the evidence, the Court finds that [ ] this (these) dependents [ ] a parent of the Respondent in necessitous circumstances:

| NAME | SOC. SEC. # (last 4 digits only) | SEX | DATE OF BIRTH | RELATIONSHIP TO RESPONDENT |
|---|---|---|---|---|
| SMITH DE'JOUR MORRAY | XXX-XX-0592 | M | 12/13/2000 | C |
| SMITH JORDAN RAY | XXX-XX-5927 | M | 04/10/2004 | C |

is (are) entitled to support from the Respondent, and that the Respondent is chargeable with support as alleged in the petition.  
Therefore, the Court ORDERS the Respondent to pay:

[X] $ ............483.00.. per month CURRENT CHILD SUPPORT effective ....01/04/2016.... for all children listed above; OR  
[ ] $ .................... per month CURRENT CHILD SUPPORT effective .................... divided among the above-listed children as follows:

    $ .................... for ....................    $ .................... for ....................
    $ .................... for ....................    $ .................... for ....................

[ ] $ .................... per month CURRENT SPOUSAL SUPPORT effective ....................  
[ ] $ .................... per month COMBINED CHILD-SPOUSAL (UNITARY) SUPPORT effective ....................  
[ ] $ .................... per month SUPPORT FOR A PARENT effective ....................  
[X] $ ............100.00 per month PAYMENT TOWARDS ARREARAGES OF $ ........4,966.35........

**TOTAL** $ ..........583.00 **per month payable, first payment due on the 1st day of** ......APR, 2017......, **and each subsequent payment is due on the 1st day of each month thereafter. Payments may be made in intervals of** ........583.00........, per MONTHLY....., **beginning on** ........04/01/2017.......  
DATE    PAYMENT AMOUNT    INTERVAL

All support paid shall be credited to current support first and the remainder shall be credited to arrearages.  
Child support shall terminate on a child's eighteenth birthday; however, support shall continue for any child who is over the age of eighteen and (i) a full-time high school student, (ii) not self-supporting and (iii) living in the home of the parent receiving child support, until the child reaches the age of nineteen or graduates from high school, whichever occurs first; and if any arrearages for child support, including interest or fees, exist at the time the youngest child emancipates, payments shall continue in the total amount due until all arrearages are paid. If the above current child support is not divided per child, the ordered amount cannot be changed except by a court.

[ ] Support for _____, a child whom the court has determined (i) is severely and permanently mentally or physically  
Name of Child  
disabled, and such disability existed prior to the child reaching the age of 18, or the age of 19 if the child was a full-time high school student, not self-supporting and living in the home of the parent seeking or receiving child support; (ii) is unable to live independently and support himself and (iii) residing in the home of the parent seeking support.

FORM DC-628 (PAGE ONE OF THREE) 07/15

5b (1)

|  | ORDER OF SUPPORT (CIVIL) | Case No. ........JA047356-08-00.......... |
|---|---|---|

**ARREARAGES:**
[ ] No arrearages exist as of ..................
[x] $ ........4,966.35 child support arrearage owed by Respondent.
[ ] $ ................. spousal support arrearage owed by Respondent.
[ ] $ ................. unitary (child/spousal) support arrearage owed by Respondent.
[x] $ ........4,966.35 total SUPPORT arrears owed by Respondent [ ] with interest included [x] without interest included

   [ ] arrears include an assessment from the effective date of this order to the first payment due date.

   [ ] This total includes TANF debt or other public funds paid prior to the effective date of this order of $ .................
      for ............ months.

These arrearages are calculated as of the date of this Order including support owed for the current month. This amount does not include payments made after .. 03/29/2017.. , and respondent shall be credited for any payments made thereafter. Interest shall continue to accrue on unpaid arrearages at the judgment rate unless the petitioner, in a writing submitted to the court, waives the collection of interest.

**PAYMENT:**
Payment shall be made payable to:

[x] Petitioner at the address shown in the beginning of the Order.
The parties shall give the court at least 30 days written notice, in advance, of any proposed change of residential and, if different, mailing address and of any change of telephone number within 30 days of the change. The Respondent is required to keep the court informed of the name, address, and telephone number of his/her current employer.

[ ] Treasurer of Virginia and sent to Virginia Department of Social Services, Division of Child Support Enforcement, P.O. Box 570, Richmond, Virginia 23218-0570 unless otherwise instructed by that agency or this Court and shall contain the following:
1. Check or money order made payable to the Treasurer of Virginia.
2. Print on the check or money order:
   - Your name and social security number
   - Petitioner's name as shown on the first page of this order
   - The DCSE ID No. shown on the first page of this order. If no such number is shown, use this Court's name and case number as shown on the front page of this order until that number is sent to you; then start using the DCSE ID No.

The parties shall give to the Virginia Department of Social Services and the court, at least 30 days written notice, in advance, of any proposed change of residential and, if different, mailing address and of any change of telephone number within 30 days of the change. The Respondent is required to keep the Virginia Department of Social Services and the court informed of the name, address and telephone number of his/her current employer.

[x] The parties shall also give each other at least 30 days written notice, in advance of any change of residential and, if different, mailing address and of any change in telephone number within 30 days after the change.

**WARNING: Failure to pay in accordance with this order is a violation of this order and may be punished by a jail sentence or a fine or both. In addition, you may not receive credit for payments made contrary to the payment instructions provided in this order. Whenever income withholding is authorized, it is your responsibility to make the payment to DCSE until the income withholding becomes effective. You are responsible for keeping records of payments you make.**

**HEALTH CARE PROVISIONS:**
[ ] Respondent   [x] Petitioner shall provide health care coverage for the [x] child(ren) [ ] spouse and shall deliver the document
   *necessary for the use of such coverage by the dependents*
[ ] Respondent   [ ] Petitioner shall provide dental care coverage for the [ ] child(ren) [ ] spouse and shall deliver the document
   necessary for the use of such coverage by the dependents
[ ] Respondent   [ ] Petitioner shall provide vision care coverage for the child(ren) and shall deliver the document necessary for the use of
   such coverage by the dependents.
[ ] Respondent   [ ] Petitioner presently has health care coverage and is ordered to maintain it [ ] or comparable coverage [ ] as long as
   eligible.

Health Insurance Provider ........................................... Policy name ..........................................

Name of Policy Holder ........................................... Policy number ..........................................

In the event of any change in health insurance, the responsible party is required to notify the opposing party of the change. The responsible party shall inform the Virginia Department of Social Services, if support payments are ordered to be paid through the Virginia Department of Social Services, or the opposing party, if support payments are ordered to be paid directly to the opposing party, of any changes in the availability of the health care coverage for the minor child or children.

[ ] The Court finds that "health care coverage" as defined by the statute is not available at "reasonable cost" as defined by statute, and therefore, the Court does not order either the Respondent or the Petitioner to provide health care coverage.

[x] Any reasonable and necessary unreimbursed medical and dental expenses for each child covered by this order shall be paid in the following manner: ............ 50 .... % Respondent ............ 50 ...... % Petitioner.

FORM DC-628 (PAGE TWO OF THREE) 07/16

5b (2)

ORDER OF SUPPORT (CIVIL)     Case No. ..........JA047356-08-00..........

[ ] Respondent [ ] Petitioner is ordered to execute the appropriate tax forms or waivers to grant the other party the right to take the income tax dependency exemption for tax years .................... for ..................................................................
CHILD OR CHILDREN
for federal and state income tax purposes.

[ ] The Court finds that a license, certificate, registration or other authorization to engage in a profession, business, trade, occupation, or recreational activity issued by the Commonwealth of Virginia is held by
TYPE OF LICENSE            AGENCY GRANTING LICENSE            LICENSE NUMBER

Respondent .............................     ..........................................     ..................................

Petitioner  .............................     ..........................................     ..................................

Upon a delinquency of a support payment for a period of 90 days or more, or in an amount of $5,000 or more, a petition may be filed for suspension of any license, certificate, registration or other authorization to engage in a profession, trade, business, occupation, or recreational activity issued by the Commonwealth. Virginia Code § 20-60.3.

[ ] Withholding from income is ordered payable through the Virginia Department of Social Services by [ ] court income deduction order or [ ] administrative order for income withholding.

[x] Immediate withholding from income is not ordered, pursuant to a written agreement between the parties or for good cause shown.

It is further ORDERED that:
ARREARS BASED ON TEMPORARY ORDER AMOUNT OF $594/MONTH THROUGH THE END OF MARCH 2017. FATHER SHALL CLAIM BOTH CHILDREN ON HIS 2016 TAXES. GOING FORWARD EACH PARENT SHALL CLAIM ONE CHILD. WHEN DE'JOUR AGES OUT, PARENTS WILL ALTERNATE CLAIMING JORDAN.

..............................................................................................................................................

[x] This Order was determined based on [ ] sole [x] shared [ ] split custody guidelines.

[ ] A child support award of $ ........................ by application of the guidelines provided in Virginia Code § 20-108.2 would be unjust or inappropriate in this case as determined by the relevant evidence pertaining to the factors set forth in the attached supplement which is incorporated herein by reference, the ability of each party to provide child support, and the best interest of the child.

[ ] Entered in accordance with the parties' written stipulation or agreement.

[ ] The Respondent is also required to post with the Clerk a recognizance pursuant to § 20-114 of $ ........... with/without surety ..........

[ ] The Respondent shall also pay: $ .......................... reimbursement of costs to the Petitioner due ...........
                                   $ .......................... attorneys' fees to the Petitioner's attorney due ...................

If arrearage amount equals or exceeds 3 months owed, reasonable attorneys' fees must be ordered pursuant to Virginia Code § 16.1-278.18, and may be ordered pursuant to § 20-78.2.

NOTICE: Support payments may be withheld as they become due from income without further amendment of this order or having to file an application for services with the Virginia Department of Social Services. Such order shall only be entered upon motion after proper notice sent by the clerk or counsel. Support payments may be withheld without further amendment of this order upon application for services with the Virginia Department of Social Services. In determining a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law. Failure to make payments when due means that interest will accrue according to Virginia Code § 6.1-330.54.

The Virginia Department of Social Services may initiate a review of the amount of support ordered by any court. If a change in circumstances, as defined in the State Board of Social Services' regulations, has occurred, the Department shall report its findings and a proposed modified order to the court which entered the order. Notice shall be served on both parties. Either party may request a hearing on the proposed modified order by filing a request with such court within 30 days of receipt of notice by the requesting party. Unless a hearing is requested with the time limits, no hearing shall be required and the modified order shall be effective 30 days after the notice is received and shall amend any prior court order. Virginia Code § 20-60.3.

In cases enforced by the Virginia Department of Social Services, the Department of Motor Vehicles may suspend or refuse to renew the driver's license of any person upon receipt of notice from the Virginia Department of Social Services that the person is delinquent in the payment of child support by 90 days or in an amount of $5,000 or more, or the person has failed to comply with a subpoena, summons, or warrant relating to paternity or child support proceedings.

If the order being reviewed by the Department deviates from the guidelines, based on one or more factors set out in Virginia Code § 20-108.1, a hearing shall be scheduled with the court which entered the order.

THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL AMENDED OR ANNULLED BY THIS COURT OR A COURT OF COMPETENT JURISDICTION TO WHICH AN APPEAL MAY BE TAKEN.

3/29/17
DATE                                                                                          JUDGE

SEEN AND AGREED AS TO NO PROVISION FOR INCOME WITHHOLDING.
PETITIONER: _____            RESPONDENT: _____

FORM DC-628 (PAGE THREE OF THREE) 07/14

5b(3)

**SHARED CUSTODY SUPPORT GUIDELINE WORKSHEET - Shared Calculation**

For support cases in which each parent has a child or children more than 90 days per year

_____ v. _____

Complaint No. _____

Date: _____   Worksheet of: _____

### A. GROSS INCOME OF PARTIES

|  | Mother | Father |  |
|---|---|---|---|
| 1. Parties' Gross Incomes: | $4,796 | $5,618 | Monthly Incomes |

Mother: $4,796  Monthly
Father: $5,618  Monthly

Payor Spouse: Husband          Spousal Payor is: Husband/Father

| | Mother | Father |
|---|---|---|
| 2. Spousal Support Between Parties: | | |
| 3. Adjustment for Support of "Other" Children: | | ($806) |
| 4. Adjustment for Self Employment Tax | | |
| 5. Adjusted Income for Child Support: | $4,796 | $4,812 |
| 6. Combined Adjusted Income: | $9,608 | Income Shares |
| 7. Each party's Percent of Combined Income: | 49.9% | 50.1% |

### B. SUPPORT NEED OF CHILDREN

Number of Children: 2          Ages of Children: _____

| | | |
|---|---|---|
| 1. Child Support from Guideline Table: | $1,519 | (from Child Support Table) |
| 2. Total Shared Support (Guideline Table X 1.4): | $2,127 | |

| | Mother | Father | |
|---|---|---|---|
| 3. Total days in year each parent has children: | 249 | 116 | Sum = 365 |
| 4. Each parent's custody Share (%): | 68.2% | 31.8% | (Both must exceed 90 days) |

### C. SUPPORT OBLIGATION OF FATHER

| | | |
|---|---|---|
| 1. Basic support obligation to Mother: | $1,451 | Mother's Custody Share (Line B.4) X Total Shared Support (Line B.2) |
| 2. Work-related childcare costs of mother: | | |
| 3. Health Insurance paid by mother: | $187 | |
| 4. Sum 1+2+3 = Support Subtotal for Mother: | $1,638 | Total Support (Line C.4) X Father's Income Share (Line A.7) |
| **Father's Support Obligation Subtotal:** | **$820** | |

### D. SUPPORT OBLIGATION OF MOTHER

| | | |
|---|---|---|
| 1. Basic support obligation to Father: | $676 | Father's Custody Share (Line B.4) X Total Shared Support (Line B.2) |
| 2. Work-related childcare costs of Father: | | |
| 3. Health Insurance paid by Father: | | |
| 4. Sum 1+2+3 = Support Subtotal for Father: | $676 | Total Support (Line D4) X Mother's Income Share (Line A.7) |
| **Mother's Support Obligation Subtotal:** | **$337** | |

### E. EACH PARTY'S SUPPORT SHARE

| | Father | Mother | Net Child Support |
|---|---|---|---|
| | $820 | $337 | $483 |

Proposed Shared Custody Child Support    Payable to Mother ⟶ $483

Submitted by: _____
Counsel for: _____

Rev 02/10/15

Sh (4)

**ORDER OF SUPPORT (CIVIL)**  This Court's Case No. .......... JA047356-02-06 ..........
**Commonwealth of Virginia**  DCSE ID No. ............... 0003687494 ...............
[ ] TEMPORARY ORDER    [X] FINAL ORDER

CHESTERFIELD J & DR - ADULT .................. [X] Juvenile and Domestic Relations District Court [ ] Circuit Court
7000 LUCY CORR BLVD., CHESTERFIELD, VA 23832 ......................................................
STREET ADDRESS OF COURT

Petitioner: DCSE, ONYSHIA HARRIS    v.    Respondent: SMITH, JILES RAY
[X] Identifying information not provided for good cause shown    [ ] Identifying information not provided for good cause shown
Residential Address:    Residential Address:
10712 Timber Run Rd    2420 Old Brick Rd
Chesterfield VA 23832    #1225
    Glen Allen 23060

Residential Telephone No.:    Residential Telephone No.: (000) 000-0000

Mailing Address if Different:    Mailing Address if Different:

Social Security No. (last 4 digits only): XXX-XX-2546    Social Security No. (last 4 digits only): XXX-XX-5164
Driver's Lic. No. & State:    Driver's Lic. No. & State:
Date of Birth: 9/20/78    Date of Birth: 12/03/1976

Employer:    Employer: James River Petroleum

Address:    Address:

Telephone No.:    Telephone No.:

[ ] This case is DISMISSED without prejudice because the Respondent could not be located for service of process.
[ ] Upon hearing the evidence, the Court finds for the Respondent and ORDERS that the case be DISMISSED.
PRESENT: [X] Petitioner    [X] Attorney/ Guardian Ad Litem for Petitioner [X] DCSE Representative    [X] Attorney for DCSE
[X] Respondent    [ ] Attorney/ Guardian Ad Litem for Respondent [ ] Guardian Ad Litem for child(ren) [ ] Other

[X] Upon hearing the evidence, the Court finds that [X] this (these) dependents [ ] a parent of the Respondent in necessitous circumstances:

| NAME | SOC. SEC. # (last 4 digits only) | SEX | DATE OF BIRTH | RELATIONSHIP TO RESPONDENT |
|---|---|---|---|---|
| HARRIS NYLA | XXX-XX-2474 | F | 09/03/2000 | C |
| HARRIS AMAYA | XXX-XX-1901 | F | 09/03/2000 | C |

is (are) entitled to support from the Respondent, and that the Respondent is chargeable with support as alleged in the petition.
Therefore, the Court ORDERS the Respondent to pay:
[X] $ 906.34 .... per month CURRENT CHILD SUPPORT effective 4/1/16 ..... for all children listed above; OR
[ ] $ ................. per month CURRENT CHILD SUPPORT effective ................ divided among the above-listed
children as follows:
$ ............ for ...............    $ ............ for ...............
$ ............ for ...............    $ ............ for ...............
[ ] $ ................. per month CURRENT SPOUSAL SUPPORT effective ...............
[ ] $ ................. per month COMBINED CHILD-SPOUSAL (UNITARY) SUPPORT effective ...............
[ ] $ ................. per month SUPPORT FOR A PARENT effective ...............
[X] $ 100 ........ per month PAYMENT TOWARDS ARREARAGES OF $ 1247.90 ....
TOTAL $ 906.34 per month payable, first payment due on the 1st day of .. April '16 and each subsequent payment
is due on the 1st day of each month thereafter. Payments may be made in intervals of ...... 906.34 per month, beginning
on ........ 6/1/16.
    DATE    PAYMENT AMOUNT    INTERVAL
All support paid shall be credited to current support first and the remainder shall be credited to arrearages.
Child support shall terminate on a child's eighteenth birthday; however, support shall continue for any child who is over the age of eighteen and (i) a full-time high school student, (ii) not self-supporting and (iii) living in the home of the parent receiving child support, until the child reaches the age of nineteen or graduates from high school, whichever occurs first; and if any arrearages for child support, including interest or fees, exist at the time the youngest child emancipates, payments shall continue in the total amount due until all arrearages are paid. If the above current child support is not divided per child, the ordered amount cannot be changed except by a court.
[ ] Support for _____, a child whom the court has determined (i) is severely and permanently mentally or physically
Name of Child
disabled, and such disability existed prior to the child reaching the age of 18, or the age of 19 if the child was a full-time high school student, not self-supporting and living in the home of the parent seeking or receiving child support; (ii) is unable to live independently and support himself and (iii) residing in the home of the parent seeking support.

FORM DC-628 (PAGE ONE OF THREE) 07/15

5b (5)

ORDER OF SUPPORT (CIVIL)        Case No. ........JA047356-02-06........

**ARREARAGES:**
[ ] No arrearages exist as of ...................
[ ] $................ child support arrearage owed by Respondent.
[ ] $................ spousal support arrearage owed by Respondent.
[ ] $................ unitary (child/spousal) support arrearage owed by Respondent.
[X] $ 1,247.90 total SUPPORT arrears owed by Respondent [ ] with interest included [X] without interest included
[ ] arrears include an assessment from the effective date of this order to the first payment due date. including May 2016 obligation
[ ] This total includes TANF debt or other public funds paid prior to the effective date of this order of $ ...............
    for ............ months.

These arrearages are calculated as of the date of this Order including support owed for the current month. This amount does not include payments made after 5/27/16 and respondent shall be credited for any payments made thereafter. Interest shall continue to accrue on unpaid arrearages at the judgment rate unless the petitioner, in a writing submitted to the court, waives the collection of interest.

**PAYMENT:**
Payment shall be made payable to:

[ ] Petitioner at the address shown in the beginning of the Order.
   The parties shall give the court at least 30 days written notice, in advance, of any proposed change of residential and, if different, mailing address and of any change of telephone number within 30 days of the change. The Respondent is required to keep the court informed of the name, address, and telephone number of his/her current employer.

[X] Treasurer of Virginia and sent to Virginia Department of Social Services, Division of Child Support Enforcement, P.O. Box 570, Richmond, Virginia 23218-0570 unless otherwise instructed by that agency or this Court and shall contain the following:
   1. Check or money order made payable to the Treasurer of Virginia.
   2. Print on the check or money order:
      * Your name and social security number
      * Petitioner's name as shown on the first page of this order
      * The DCSE ID No. shown on the first page of this order. If no such number is shown, use this Court's name and case number as shown on the front page of this order until that number is sent to you; then start using the DCSE ID No.
   The parties shall give to the Virginia Department of Social Services and the court, at least 30 days written notice, in advance, of any proposed change of residential and, if different, mailing address and of any change of telephone number within 30 days of the change. The Respondent is required to keep the Virginia Department of Social Services and the court informed of the name, address and telephone number of his/her current employer.

[X] The parties shall also give each other at least 30 days written notice, in advance, of any change of residential and, if different, mailing address and of any change in telephone number within 30 days after the change.

**WARNING: Failure to pay in accordance with this order is a violation of this order and may be punished by a jail sentence or a fine or both. In addition, you may not receive credit for payments made contrary to the payment instructions provided in this order. Whenever income withholding is authorized, it is your responsibility to make the payment to DCSE until the income withholding becomes effective. You are responsible for keeping records of payments you make.**

**HEALTH CARE PROVISIONS:**
[ ] Respondent  [ ] Petitioner shall provide health care coverage for the [ ] child(ren) [ ] spouse and shall deliver the document necessary for the use of such coverage by the dependents
[ ] Respondent  [ ] Petitioner shall provide dental care coverage for the [ ] child(ren) [ ] spouse and shall deliver the document necessary for the use of such coverage by the dependents
[ ] Respondent  [ ] Petitioner shall provide vision care coverage for the child(ren) and shall deliver the document necessary for the use of such coverage by the dependents.
[ ] Respondent  [X] Petitioner presently has health care coverage and is ordered to maintain it or comparable coverage.

Health Insurance Company ........................................................... Policy name ...........................................
Name of Policy Holder ............................................................. Policy number .........................................

In the event of any change in health insurance, the responsible party is required to notify the opposing party of the change. The responsible party shall inform the Virginia Department of Social Services, if support payments are ordered to be paid through the Virginia Department of Social Services, or the opposing party, if support payments are ordered to be paid directly to the opposing party, of any changes in the availability of the health care coverage for the minor child or children.

[ ] The Court finds that "health care coverage" as defined by the statute is not available at "reasonable cost" as defined by statute, and therefore, the Court does not order either the Respondent or the Petitioner to provide health care coverage.

[X] Any reasonable and necessary unreimbursed medical and dental expenses for each child covered by this order shall be paid in the following manner: .... 60 .... % Respondent .. 40 .... % Petitioner.

FORM DC-628 (PAGE TWO OF THREE) 07/15

5b(b)

ORDER OF SUPPORT (CIVIL)    Case No. ..........JA047356-02-06..........

[ ] Respondent [ ] Petitioner is ordered to execute the appropriate tax forms or waivers to grant the other party the right to take the income tax dependency exemption for tax years .................... for ........................................
                                                                                                   CHILD OR CHILDREN
for federal and state income tax purposes.

[ ] The Court finds that a license, certificate, registration or other authorization to engage in a profession, business, trade, occupation, or recreational activity issued by the Commonwealth of Virginia is held by
         TYPE OF LICENSE              AGENCY GRANTING LICENSE              LICENSE NUMBER

Respondent   ..............................     ..............................     ..............................
Petitioner   ..............................     ..............................     ..............................

Upon a delinquency of a support payment for a period of 90 days or more, or in an amount of $5,000 or more, a petition may be filed for suspension of any license, certificate, registration or other authorization to engage in a profession, trade, business, occupation, or recreational activity issued by the Commonwealth. Virginia Code § 20-60.3.

[X] Withholding from income is ordered payable through the Virginia Department of Social Services by [ ] court income deduction order or [X] administrative order for income withholding.

[ ] Immediate withholding from income is not ordered, pursuant to a written agreement between the parties or for good cause shown.

It is further ORDERED that:


..............................................................................................................

[X] This Order was determined based on [X] sole [ ] shared [ ] split custody guidelines.

[ ] A child support award of $ ........................ by application of the guidelines provided in Virginia Code § 20-108.2 would be unjust or inappropriate in this case as determined by the relevant evidence pertaining to the factors set forth in the attached supplement which is incorporated herein by reference, the ability of each party to provide child support, and the best interest of the child.

[ ] Entered in accordance with the parties' written stipulation or agreement.

[ ] The Respondent is also required to post with the Clerk a recognizance pursuant to § 20-114 of $ ........... with/without surety ..........

[ ] The Respondent shall also pay: $ ........................ reimbursement of costs to the Petitioner due ...........
                                    $ ........................ attorneys' fees to the Petitioner's attorney due ...................

If arrearage amount equals or exceeds 3 months owed, reasonable attorneys' fees must be ordered pursuant to Virginia Code § 16.1-278.18, and may be ordered pursuant to § 20-78.2.

NOTICE: Support payments may be withheld as they become due from income without further amendment of this order or having to file an application for services with the Virginia Department of Social Services. Such order shall only be entered upon motion after proper notice sent by the clerk or counsel. Support payments may be withheld without further amendment of this order upon application for services with the Virginia Department of Social Services. In determining a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law. Failure to make payments when due means that interest will accrue according to Virginia Code § 6.1-330.54.

The Virginia Department of Social Services may initiate a review of the amount of support ordered by any court. If a change in circumstances, as defined in the State Board of Social Services' regulations, has occurred, the Department shall report its findings and a proposed modified order to the court which entered the order. Notice shall be served on both parties. Either party may request a hearing on the proposed modified order by filing a request with such court within 30 days of receipt of notice by the requesting party. Unless a hearing is requested with the time limits, no hearing shall be required and the modified order shall be effective 30 days after the notice is received and shall amend any prior court order. Virginia Code § 20-60.3.

In cases enforced by the Virginia Department of Social Services, the Department of Motor Vehicles may suspend or refuse to renew the driver's license of any person upon receipt of notice from the Virginia Department of Social Services that the person is delinquent in the payment of child support by 90 days or in an amount of $5,000 or more, or the person has failed to comply with a subpoena, summons, or warrant relating to paternity or child support proceedings.

If the order being reviewed by the Department deviates from the guidelines, based on one or more factors set out in Virginia Code § 20-108.1, a hearing shall be scheduled with the court which entered the order.

THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL AMENDED OR ANNULLED BY THIS COURT OR A COURT OF COMPETENT JURISDICTION TO WHICH AN APPEAL MAY BE TAKEN.

5/27/16
......................                                           ..............................
DATE                                                              JUDGE

SEEN AND AGREED ~~AS TO NO PROVISION FOR INCOME WITHHOLDING~~.
PETITIONER:                                          RESPONDENT:

..............................................       ..............................................

FORM DC-628 (PAGE THREE OF THREE) 07/14

5 b (7)

**CHILD SUPPORT GUIDELINES WORKSHEET**  Case No. 3687494
Commonwealth of Virginia  Va. Code § 20-108.2

~~Harris~~ v. Smith Jr  5/27/16
                                                                                              DATE

|   |   | MOTHER | FATHER |
|---|---|---|---|
| 1. | Monthly Gross Income (see instructions on reverse) | $ 3119 | $ 4637 |
| 2. | Adjustments for spousal support payments (see instructions on reverse) | $ | $ |
| 3. | Adjustments for support of child(ren) (see instructions on reverse) | $ 784.18 (2) | $ 1082.92 (2) |
| 4. | Deductions from Monthly Gross Income allowable by law (see instructions on reverse) | $ | $ |
| 5. | a. Available monthly income | $ 2334.82 | $ 3554.08 |
|    | b. Combined monthly available income (combine both available monthly income figures from line 5.a.) | $ 5888.90 | |
| 6. | Number of children in the present case for whom support is sought: | 2 | |
| 7. | a. Monthly basic child support obligation (from schedule — see instructions on reverse) | a. $ 1216.11 | |
|    | b. Monthly amount allowable for health care coverage (see instructions on reverse) | b. $ 120  CP | |
|    | c. Monthly amount allowable for employment-related child care expenses (see instructions on reverse) | c. $ 0 | |
| 8. | Total monthly child support obligation (add lines 7.a., 7.b., and 7.c.) | $ 1336.11 | |

|   |   | MOTHER | FATHER |
|---|---|---|---|
| 9. | Percent obligation of each party (divide "available monthly income" on line 5.a. by line 5.b.) | 39.65 % | 60.35 % |
| 10. | Monthly child support obligation of each party (multiply line 8 by line 9) | $ 529.77 | $ 806.34 |
| 11. | Deduction by non-custodial parent for health care coverage when paid directly by non-custodial parent or non-custodial parent's spouse (from line 7.b.) | $ | $ |

|   |   | MOTHER | FATHER |
|---|---|---|---|
| 12. | Adjustments (if any) to Child Support Guidelines Calculation (see instructions on reverse) | | |
|     | a. Credit for benefits received by or for the child derived from the parent's entitlement to disability insurance benefits to the extent that such derivative benefits are included in a parent's gross income | -$ | -$ |
|     | b. | $ | $ |
|     | c. | $ | $ |
| 13. | Each party's adjusted share | $ | $ 806.34 |

FORM DC-637 (MASTER, PAGE ONE OF TWO) 07/09

5b(8)

| | | | | | | 1. Pay Period End 05/13/17 |
|---|---|---|---|---|---|---|
| | CIVILIAN LEAVE AND EARNINGS STATEMENT | | | | | 2. Pay Date 05/19/17 |

| 3. Name SMITH CHERYL R | 4. Pay Plan/Grade/Step GS  06  08 | 5. Hourly/Daily Rate | 6. Basic OT Rate | 7. Basic Pay + Locality Adj = Adjusted Basic Pay | | |
|---|---|---|---|---|---|---|
| 8. Soc Sec No ***-**-2697 | 9. Locality % 18.19 | 10. FLSA Category E | 11. SCD Leave 09/05/06 | 12. Max Leave Carry Over 240 | | 13. Leave Year End 01/06/18 |
| 14. Financial Institution - Net Pay VIRGINIA CREDIT UNION, INC. | | 15. Financial Institution - Allotment #1 WELLS FARGO BANK | | 16. Financial Institution - Allotment #2 UMB, NA | | |
| 17. Tax  Marital Status  Exemptions  Add'l<br>FED  M  2  0<br>VA   M  2  0 | | 18. Tax  Marital Status  Exemptions  Add'l  Taxing Authority | | | | 20. Military Deposit |

| 21. | Current | Year to Date | 22.  DATA | | | |
|---|---|---|---|---|---|---|
| GROSS PAY | | | | | | |
| TAXABLE WAGES | | | | | | |
| NONTAXABLE WAGES | | | | | | |
| TAX DEFERRED WAGES | | | | | | |
| DEDUCTIONS | | | | | | |
| AEIC | | | | | | |
| NET PAY | | | | | | |

## CURRENT EARNINGS

| TYPE | HOURS/DAYS | AMOUNT | TYPE | HOURS/DAYS | AMOUNT | TYPE | HOURS/DAYS | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| REGULAR PAY | 80.00 | 2002.40 | UNIFORM ALW | | 8.27 | | | |

## DEDUCTIONS

| TYPE | CODE | CURRENT | YEAR TO DATE | TYPE | CODE | CURRENT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| ALLOTMENT,SV | (2) | 190.00 | 1952.00 | | | | |
| FEGLI | E5 | 8.25 | 79.80 | FEGLI OPTNL | C | 2.05 | 20.50 |
| FEHB | JN5 | 166.14 | 1650.55 | MEDICARE | | 26.63 | 278.82 |
| OASDI | | 113.85 | 1192.18 | ORG/UNION | V20A | 17.78 | 177.05 |
| RETIRE, FERS | K | 16.02 | 156.17 | TAX, FEDERAL | | 130.92 | 1442.20 |
| TAX, STATE | VA | 80.33 | 854.24 | | | | |
| TSP SAVINGS | | 80.10 | 780.85 | | | | |

## LEAVE

| TYPE | PRIOR YR BALANCE | ACCRUED PAY PD | ACCRUED YTD | USED PAY PD | USED YTD | DONATED/ RETURNED | CURRENT BALANCE | USE-LOSE/ TERM DATE |
|---|---|---|---|---|---|---|---|---|
| ANNUAL | 39.25 | 6.00 | 54.00 | 24.00 | 92.00 | | 1.25 | |
| SICK | 41.75 | 4.00 | 36.00 | 8.00 | 26.00 | | 51.75 | |
| COMPENSATORY | 3.50 | | | | .50 | | 3.00 | |
| HOLIDAY | | | | | 8.00 | | | |
| ADMIN | | | | | 6.00 | | | |

## BENEFITS PAID BY GOVERNMENT FOR YOU

| TYPE | CURRENT | YEAR TO DATE | TYPE | CURRENT | YEAR TO DATE |
|---|---|---|---|---|---|
| FEGLI | 4.13 | 39.95 | FEHB | 498.41 | 4951.56 |
| MEDICARE | 26.63 | 278.82 | OASDI | 113.85 | 1192.18 |
| | | | | 20.02 | 195.23 |
| TSP MATCHING | 70.08 | 683.27 | | | |

## REMARKS

YOUR PAYROLL OFFICE ID NUMBER IS 97381600 - DEPARTMENT OF VETERANS AFFAIRS.
PLANNING AHEAD WITH THE FLTCIP. LEARN MORE ABOUT THE FLTCIP AND EXPLORE ISSUES SUCH AS
MAKING THE MOST OF YOUR BENEFITS, FINANCING LONG TERM CARE, AND RETIREMENT PLANNING.
FIND INFO ON FREE WEBINARS TODAY AT HTTP://WWW.OPM.GOV/INSURE/LTC
BASIC PAY CHANGED.
PRETAX FEHB EXCLUSION $   166.14
UNIFORM ALLOWANCE ADDED/CHANGED.

**THIS REPORT CONTAINS INFORMATION SUBJECT TO THE PRIVACY ACT OF 1974 AS AMENDED**

5c(1)

```
SMITH,CHERYL R                      NURSING                   DUTY STATION: 652
███-██-2697                                                              T&L: 213
--------------------------------------------------------------------------------
LAST PP: 09                         BENEFITS                              PAGE 1
--------------------------------------------------------------------------------
DATE OF BIRTH                       MAY 26, 1975
SERVICE COMPUTATION DATE            SEP 05, 2006
RETIREMENT CODE                               K     FERS
⸺HEALTH INSURANCE                           JN5  ⸺
⸺HEALTH BENEFITS DEDUCTION YTD         1,805.84  ⸺
⸺FEGLI CODE                                  E5     Basic + Option C (5x)
███  STATUS                                   Y     YES
███  STATUS DATE                    FEB 24, 2013
███  SERVICE COMPU DATE             SEP 17, 2006
███  PCT RATE                              0.04     4%
███  VESTING                                  3
UNIFORM ALLOWANCE HOURLY RATE            0.1034


Press RETURN to continue:
```

5c(2)

You are logged in as CHERYL R SMITH

Home \ Claims \ Claims Listing

# Claims Listing: Medical Claims

Learn More About Your Claim Listing and Paying Claims Online

To view other claims, change the selections below and click "Update".

| MEMBER | CLAIM TYPE | DATES | |
|---|---|---|---|
| All Members | Medical | Last 365 Days | Update |

Download claims    Need Help?

| Date of Service | Member | Provider/Facility | Status | Claim Amount | Paid by Plan | You May Pay |
|---|---|---|---|---|---|---|
| 02/22/17 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 02/22/17 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 02/22/17 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 02/22/17 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ Details |
| 01/26/17 | ▓ | ▓ | ▓ | ▓ | ▓ | $0.00 |
| 01/26/17 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 01/26/17 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 01/26/17 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 12/13/16 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 12/13/16 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ Details |
| 12/08/16 | JILES (Husband) | QUEST DIAGNOSTICS | ▓ | ▓ | ▓ | ▓ Details |
| 12/08/16 | JILES (Husband) | PATIENT FIRST - HULL STREET | Completed | $318.00 | $166.79 | $0.00 Details |
| 12/08/16 | JILES (Husband) | QUEST DIAGNOSTICS | Completed | $506.03 | $46.57 | $0.00 Details |
| 12/08/16 | JILES (Husband) | QUEST DIAGNOSTICS | Completed | $199.01 | $62.52 | $0.00 Details |
| 11/30/16 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 11/18/16 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 06/17/16 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |
| 06/09/16 | ▓ | ▓ | ▓ | ▓ | ▓ | ▓ |

5c(3)



**aetna®**  Beach Street

FEHBP AETNA OPEN ACCESS JN

ID ███████  Health Network Only
NAME  Open Access
01 CHERYL R SMITH          RX BIN# ███████
Health Plan ███████
GRP# ███████           PCP  $  20.00
PCP: Ironbridge Family Practic   SPC  $  35.00

02 DE'JOUR M SMITH   PCP: Chester Pediatrics
03 JILES R SMITH     PCP: Ironbridge Family Practic
04 JORDAN R SMITH    PCP: Chester Pediatrics

5c (4)